## 5170.  SHIRLEY *v.* THE STATE.

It is a violation of section 722 of the Penal Code for the purchaser of property on conditional sale, where title is retained by the vendor, to sell or incumber the property without the consent of the vendor and with intent to defraud him. If, however, one purchases personal property on credit, and title is not retained by the vendor, and a third person furnishes the purchase-money paid to the vendor, and thereafter the purchaser executes to the person furnishing the money a bill of sale of the property as security for the indebtedness, a subsequent sale of the property by the debtor without the consent of that person is not a violation of this section of the code.

DECIDED OCTOBER 28, 1913.

Indictment for misdemeanor; from Rabun superior court—Judge J. B. Jones. July 21, 1913.

*W. S. Paris,* for plaintiff in error.

*Robert McMillan,, solicitor-general,* contra

POTTLE, J.  E. W. Shirley was convicted of a violation of section 722 of the Penal Code. The indictment charges that the accused, while holding personal property—to wit, a mule—under a conditional purchase and sale, by the terms of which the vendors, Dockins Brothers, retained title until payment of the purchase-price, sold and incumbered the mule without the consent and approval of the said vendors and with intent to defraud them. The evidence shows that the accused purchased the mule from one Jordan, and that Dockins Brothers furnished all of the purchase-price except $5, which was paid by the accused. After the purchase from Jordan the accused executed a paper which recited that "the title to the mule bought of S. Jordan is in Dockins Brothers until paid for by E. W. Shirley." Under no view of the evidence can Dockins Brothers be regarded as "vendors" of the mule within the meaning of the section of the code under which the indictment was framed. As expressed by one of the Dockins Brothers, their firm "stood good for a mule for Mr. Shirley: bought him a mule and paid for it." Taking the evidence all together, it is apparent that title to the mule never was in Dockins Brothers prior to the execution by the accused of the paper above referred to. It was simply a case where the accused bought a mule from Jordan, and Dockins Brothers agreed with Jordan to see that the purchase-price was paid. The sale of the mule after the execution of the paper by the accused to Dockins Brothers, if an offense at all, is not a

violation of section .722 of the Penal Code. It is only where "title is retained by the vendor" that a sale of the property by the purchaser is a violation of this section of the code. We think therefore that the evidence did not authorize the conviction, and that a new trial should have been granted. *Judgment reversed.*